# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RICHARD CRAIG GALLIEN and )
HARRY PETER GALLIEN, JR., )
)
    Plaintiffs, )
)
v. ) Case No.CV408-037
)
JERALD BINKLEY, *MACE*; )
MYKHAEL FINCHER, *MACE*; )
STEVE MENGES, *MACE*; ROBBIE )
HUGHES, *MACE*; SHAWN FIELDS, )
*LCSO*; DOUG FRANKS, *LCSO*; )
JOE LONG, *Postal Inspector*; )
LIBERTY COUNTY DRUG TASK )
FORCE, and LIBERTY COUNTY )
SHERIFF'S DEPARTMENT )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Before the Court are two motions: (1) a motion to amend plaintiffs' original complaint, which is opposed by defendants, and (2) a motion to dismiss for failure of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), which was filed by defendants Jerald Binkley, Mykhael Fincher, Robbie Hughes,

Shawn Fields, Doug Franks, and the Liberty County Sheriff's Department. (Doc. 37.) Plaintiffs have responded in opposition to the motion. (Doc. 42.) For the reasons that follow, plaintiffs' motion to amend is **DENIED**, defendants' motion to dismiss is **GRANTED**, and plaintiffs are **DIRECTED** to show cause why the remaining defendants should not be dismissed.

## I. BACKGROUND

According to the allegations contained in plaintiffs' original and amended complaint, on January 6, 2007, plaintiff Harry Gallien and his son, plaintiff Richard Gallien, were subjected to an illegal search of their home. (Docs. 1 & 22) Additionally, plaintiff Richard Gallien was subjected to an illegal seizure of his property and was physically assaulted by members of the Liberty County Drug Task Force during his arrest. (Doc. 22.) As a result, plaintiffs claim that their civil rights—primarily their Fourth Amendment right to be free from unlawful search and seizure—have been violated. (Id.)

Plaintiffs filed this 42 U.S.C. § 1983 complaint *pro se* and paid

the requisite filing fee on February 27, 2008. Their complaint named as defendants the movants listed above, as well as Joe Long, Steve Menges, and the Liberty County Drug Task Force. (Doc. 1.) On March 5, 2008, the Court issued an Order of Instructions to plaintiffs. (Doc. 4.) Within the Order, the Court set forth specific instructions for plaintiffs to follow in order to proceed with the case. (Id. at 1-5.) The Court explained the two alternative methods of service that were available to the plaintiffs under Rule 4(e) (service by mail or by personal delivery). (Id.) The Court detailed the specific procedures for properly serving the various types of defendants in the case. (Id.)

## II. MOTION TO AMEND

The Court's scheduling order set May 26, 2008 as the deadline for submitting amended pleadings. (Doc. 17.) The Court granted plaintiffs leave to file their second amended pleadings on June 4, 2008. (Doc. 23.) Since then, plaintiffs have filed a "motion to amend and refile summons and complaint," in which they requested leave of the court to "re-serve and file an amended

summons and complaint under this same docket number."[1] (Doc. 41.) Additionally, on September 3, 2008, plaintiffs filed a "motion to amend/correct complaint," which is opposed by defendants. (Docs. 46 & 47.)

Plaintiffs filed their most recent motion to amend their complaint over three months after the scheduling order's deadline. "A motion that is untimely pursuant to a duly entered . . . scheduling order may be denied on that ground alone." Oakes v. Trs. of Columbia Univ., 1988 WL 132890, at *3 (S.D.N.Y. Dec. 6, 1988) (interpreting Rule 16(b) of the Federal Rules of Civil Procedure); Dredge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (holding that a motion for summary judgment filed outside of the motions deadline need not be considered); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). Such late-filed motions, however, are usually construed as motions to amend the scheduling order. Sosa v. Airprint Systems, Inc., 133 F.3d

---

[1] Presumably, the desire to re-file and re-serve was inspired by defendants' motion to dismiss for insufficient service of process, discussed below. Two days after filing their motion, however, and before the Court had addressed the motion, plaintiffs submitted "filing documentation indicating the re-service of summons to Liberty County Sheriff's Department and Liberty County Drug Task Force as prescribed by law." (Doc. 43.) These two requests (to re-file and re-serve) will be resolved below.

4

1417, 1419 (11th Cir. 1998) (applying Rule 16(b)'s "good cause" standard before applying Rule 15(a)'s more liberal amendment standard); Alexander v. AOL Time Warner, Inc., 132 F. App'x 267, 269 (11th Cir. 2005); Broome v. Honaker, No. 406cv286 (S.D. Ga. Sept. 21, 2007) (applying Rule 16(b)'s "good cause" standard before applying Rule 14(a)'s "leave of the court" standard). Rule 16(b) of the Federal Rules of Civil Procedure requires that parties show good cause for modifying the scheduling order. To proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 183 F.3d at 1419.

"In order to establish 'good cause,' [under Rule 16(b)] the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so." John Morrell & Co. v. Royal Caribbean Cruises Ltd., 243 F.R.D. 699, 701 (S.D. Fla. 2007); Bowers v. Am. Heart Ass'n, 513 F. Supp. 2d 1364, 1367-68 (N.D. Ga. 2007); Pushko v. Kelebener, 2007 WL 2671263, at *1 (M.D. Fla. Sept. 7, 2007). Plaintiffs do not make

any outright allegations of good cause; nor do they provide any information within their amended pleadings from which one could infer that despite diligent efforts the new claims and new defendants could not have been added within the scheduling deadline. For instance, they make no indication that the new claims or defendants were recently discovered. Instead, they provide pages of rambling factual assertions, which they fail to connect to any cognizable claims.[2] Consequently, plaintiffs' motion to amend their pleadings for a third time to add new parties and claims is **DENIED**.

### III. FAILURE TO SERVE

As of August 7, 2008, the date the present motion to dismiss

---

[2] For instance, plaintiffs seek to add Anthony Martin (a detective), but they allege nothing more than that he "got a Mirandized statement from [a witness in Richard Gallien's criminal case]." (Doc. 46 at 2.) They also seek to add Liberty County Magistrate Judges J.R. Bomar and David Aspinwall III, who they claim "at all times material to this complaint . . . acted toward plaintiff under color of the statutes, ordinances, and usage of the State of Georgia, City of Hinesville through the [] law enforcement bod[y] they are associated with," but they fail to allege any wrongful conduct or resulting injury. (Id.) Plaintiffs also seek to add Barry Wilkes, Clerk of the Liberty County Courts, because he failed to place certain hearings and documents filed by plaintiffs on the docket, and also "District Attorney Atlantic Judicial Circuit, Thomas Durden, Jr.," though the only statement made regarding him is that he "deliberated in a closed room" with Richard Gallien's defense attorney during jury selection for Gallien's criminal trial. (Id.)

was filed, 162 days had passed since the complaint was filed and yet service had only been attempted upon the Liberty County Sheriff's Department and the Liberty County Drug Task Force. (Docs. 6 & 7.)

Under Rule 4(m) of the Federal Rules of Civil Procedure, a complaint must be served on a defendant within 120 days of the complaint being filed. Rule 4(m) authorizes the Court, upon motion by a defendant, to dismiss a complaint without prejudice for failure to serve process on that defendant in a timely manner.[3]

Plaintiffs' complaint should be dismissed without prejudice as to the five individuals who filed the motion to dismiss: Jerald Binkley, Mykhael Fincher, Robbie Hughes, Shawn Fields, and Doug Franks. Plaintiffs filed their complaint and received the Court's order of instructions detailing proper methods of service over six months ago. In their motion to dismiss, counsel for these

---

[3] The Court acknowledges that the plaintiffs filed a "Motion to Amend and Refile Summons" on August 11, 2008, which has been previously discussed in this report. (Doc. 41.) That motion, which was filed more than a month after Rule 4(m)'s 120-day deadline, failed to show good cause for the lack of proper service, as it contained absolutely no legal argument or factual information but was simply a one-sentence request for leave. Since the issue of service is presently being decided, that motion (Doc. 41) is **DENIED** as moot.

defendants has affirmatively stated that service has not been made. (Doc. 37.) Plaintiffs have neither disputed this assertion nor attempted to show good cause for this deficiency within their response to the motion to dismiss.[4] (Doc. 42.) Moreover, nothing in the docket shows any attempt by plaintiffs to serve these individuals, even after the motion to dismiss put them on notice of the deficiency.

The Court acknowledges that plaintiffs are proceeding without counsel. But while courts "are to give liberal construction to the pleadings of *pro se* litigants," such generosity does not excuse *pro se* litigants from failing "to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotes and cite omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that the Court "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural

---

[4] Plaintiffs' response is devoid of any argument or explanation regarding the failure to serve the defendants; instead it focuses entirely on emphasizing and correcting what the plaintiffs feel were inaccuracies within the "Statement of Facts" section of the defendants' motion to dismiss.

requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); Nelson v. Barden, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules"). Plaintiffs are required to comply with the procedural rule here, and any "failure to understand Rule 4(m) does not excuse [their] failure to provide timely service." Cain v. Abraxas, 209 Fed. Appx. 94, 96 (3rd Cir. 2006).

Accordingly, this case should be **DISMISSED** without prejudice[5] as to defendants Binkley, Fincher, Hughes, Fields, and

---

[5] Before dismissing a case for failure to effect timely service, the Court is required to consider whether any other circumstances warrant an extension of time based on the facts of the case, particularly whether any statute of limitations might run. Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). However, "[w]hile the running of the limitations period is a factor the district court may *consider* in determining whether to dismiss a complaint under Rule 4(m), the district court is not *required* to give this controlling weight." Boston v. Potter, 185 Fed. Appx. 853, 854 (11th Cir. 2006) (emphasis added). The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years. See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). As plaintiffs' cause of action here accrued, at the earliest, on January 6, 2007, when the search and arrest occurred, they would have until at least January 5, 2009 to file a complaint.

Franks.

As to the two individual defendants who did not join in the motion to dismiss (defendants Long and Menges), the Court will consider *sua sponte*, pursuant to Rule 4(m), the lack of service upon them. In the absence of a motion by the defendant raising the failure to serve within 120 days, Rule 4(m) authorizes the Court to dismiss the action or order service within a specified time period. Before taking such action, however, the Court must provide notice to the plaintiff that such action is being considered. Fed. R. Civ. P. 4(m). The plaintiff then has the opportunity to show good cause for the failure to serve. Plaintiffs are **DIRECTED** to show good cause, within ten days from the date of this Order, why their claims in this action against defendants Long and Menges should not be dismissed without prejudice pursuant to Rule 4(m), for their failure to serve those defendants. Otherwise, their case is subject to dismissal due to their failure to effect timely service.

### IV. INSUFFICIENT SERVICE OF PROCESS

Under Rule 4(c)(1), for service to be sufficient, "a summons

10

must be served with a copy of the complaint," and it is the duty of the plaintiff to have both documents served upon the defendants "within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Additionally, Rule 4(c)(2) provides that service may be effected by "any person who is at least 18 years old and not a party" to the case. These requirements were explained to the plaintiffs in the Order of Instructions; however, in attempting to serve the sheriff's department and the drug task force, plaintiffs failed to fulfill both requirements within the 120-day deadline. (Doc. 4.)

On March 10, 2008, plaintiff Richard Gallien attempted to effectuate service on the sheriff's department and the drug task force by acting as a server and personally serving them. (Docs. 6 & 7.) Upon review of the returns filed with the Court as well as the information provided by counsel for the sheriff's department, it additionally appears that these defendants were only served a summons and were not served a copy of the complaint.

Several days after the motion to dismiss for insufficient service was filed, plaintiffs made an additional attempt to serve the sheriff's department and the drug task force. Even if the Court

were to analyze the manner of the second attempted service and find it sufficient, the fact remains that this service attempt was made more than a month beyond the 120-day requirement. Thus, the Court considers only whether the service attempts made on March 10, 2008 were effective.

Defendant Liberty County Sheriff's Department has filed a motion to dismiss, arguing that it was not properly served within the 120 days mandated by Rule 4(m). In light of defendant's motion to dismiss and plaintiff's failure to demonstrate just cause for their lack of sufficient service within 120 days, this case should be **DISMISSED** without prejudice as to the Liberty County Sheriff's Department.[6]

As to the Liberty County Drug Task Force, on behalf of which no motion to dismiss has been filed, the Court will consider *sua sponte* the failure to effect timely and sufficient service. As

---

[6] In addition to the insufficient service of process grounds, the Court questions whether the sheriff's department is a proper party. See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.' Fed. R. Civ. P. 17(b).") (citations omitted).

discussed, plaintiffs' first attempted service upon the drug task force failed to meet the requirements of Rules 4(c)(1) and 4(c)(2), as service was made by Richard Gallien, a party to the action, and no copy of the complaint was served; their second attempt was made well beyond the 120-day time limit prescribed by Rule 4(m). Upon review of the record, plaintiffs do not appear to have even attempted to show good cause for this failure to comply with Rule 4(m). As a result, the Court infers that plaintiffs are no longer interested in pursuing their case against this defendant. If the Court is mistaken on this point, plaintiffs must show good cause for their failure to perfect service within the 120 days mandated by Rule 4(m). Thus, plaintiffs are **DIRECTED** to show good cause, within ten days from the date of this Order, why their claims in this action against defendant Liberty County Drug Task Force should not be dismissed without prejudice pursuant to Rule 4(m) for their failure to serve that defendant. Otherwise, their case is subject to dismissal due to their failure to effect timely service.[7]

---

[7] Plaintiffs are forewarned that much like the Liberty County Sheriff's Department, the Liberty County Drug Task Force may not be an entity capable of being sued. Local governments and their offices and departments are only considered legal entities subject to suit if the law of the state in which

## V. EXCESSIVE FILING OF EVIDENTIARY MATERIAL

As an additional matter, the Court wishes to address the plaintiffs' excessive filing of evidentiary material that is not connected to or offered in support of any particular motion filed with the Court. No rule within the Federal Rules of Civil Procedure or the local Rules of this Court allows a litigant to flood a federal court with an endless supply of random evidentiary material; such action results only in the needless prolongation and complication of the case. This is not to say that material of an evidentiary nature may never be filed with a court, but to satisfy the rules, the material must be part and parcel of a motion for summary judgment or some similar motion requiring such factual support. Plaintiffs, therefore, are directed not to submit any further evidentiary material that is not tethered to a properly filed

---

the governmental entity is located makes it amenable to suit. See Dean, 951 F.2d at 1214 (noting that capacity to be sued is determined by "the law of the state in which the district court is held" (quoting Fed. R. Civ. P. 17(b))). Furthermore, in Georgia counties and other local municipalities enjoy constitutional sovereign immunity protection. Ga. Const. of 1983, art. 1, § 2, ¶ 9; Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); Toombs County v. O'Neil, 254 Ga. 390, 391 (1985); see Nelson v. Spaulding County, 249 Ga. 334, 335 (1982) (extending state sovereign immunity status to county governments). Thus, the Task Force is probably not a suable entity and, even if it is, it is likely entitled to immunity as an extension of the Liberty County government.

motion.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend is **DENIED**, plaintiffs' motion to amend and refile summons is **DENIED** as moot, defendants' motion to dismiss should be **GRANTED**, and plaintiffs are **DIRECTED** to show cause why the remaining defendants should not be dismissed.

**SO REPORTED AND RECOMMENDED** this 22nd day of September, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA