# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RICHARD CRAIG GALLIEN and )
HARRY PETER GALLIEN, JR., )
                               )
    Plaintiffs,                )
                               )
v.                             )   Case No. CV408-037
                               )
STEVE MENGES, *MACE*;          )
JOE LONG, *Postal Inspector*; and )
LIBERTY COUNTY DRUG TASK       )
FORCE,                         )
                               )
    Defendants.                )

## REPORT AND RECOMMENDATION

On September 22, 2008, plaintiffs were ordered to show cause why this case should not be dismissed as to the three remaining defendants due to plaintiffs' failure to serve two of them (Steve Menges and Joe Long) and also plaintiffs' insufficient service upon the third, the Liberty County Drug Task Force.[1]  (Doc. 51.)

---

[1] The order to show cause for failure to serve and for insufficient service upon these three defendants was contained within an order dismissing six other defendants who had not been served, or who had been insufficiently served, and who had filed a motion to dismiss based on those defects. (Doc.

Following entry of the dismissal and show cause order, plaintiffs filed a "motion to continue action, discovery process, and set matter for trial." (Doc. 53.) The only explanation they offer is that the "service failings can be directly attributed to the lack of adequate legal representation by Martin Hillard [sic]." (Id. at 2.)

If a plaintiff shows good cause for his failure to comply with Rule 4(m), "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Absent good cause, the Court may, but need not, allow additional time. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2007); accord Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at 1281. A party's

---

51.) Defendants Long, Menges, and the Liberty County Drug Task Force did not file motions to dismiss. However, because the record reflected that no attempt had been made to serve Long and Menges, the Court sua sponte raised the failure to serve and followed Rule 4(m)'s procedure requiring a court, prior to dismissing sua sponte, to give plaintiffs an opportunity to show good cause for their failure to serve the parties. (Id.) As to the drug task force, the record reflected one defective attempt at service upon it, followed by a second attempt which was made outside of Rule 4(m)'s 120-day limit. As a result, the court ordered the plaintiffs to show good cause for their failure to properly serve all three remaining defendants.

own failure to understand Rule 4 does not excuse his failure to provide timely service. West v. Lewis Color Lithographers, No. 606CV064, 2007 WL 2071531, at *1 (S.D. Ga. July 16, 2007). Moreover, a party may not point the finger generally at their attorney in order to show good cause, as "neither inadvertence of the attorney nor secretarial misdeeds constitute good cause." Eastern Shore Marine v. Smith, No. 08-0022, 2008 WL 2756827, at *2 (S.D. Ala. July 11, 2008) (citing Gallien v. Guth Dairy, 136 F.R.D. 110, 111 (W.D. La. 1991)); see also Brown v. Smith, 1997 WL 436753, at *1 (4th Cir. 1997); Davis v. Brady, 1993 WL 430137, at *3 (6th Cir. 1993); Hart v. United States, 817 F.2d 78, 81 (9th Cir. 1987).

Plaintiffs do not allege that their failure to timely and properly serve the defendants was the fault of some outside factor that prevented them from perfecting service upon the remaining defendants. In fact, they provide no substantive reasons for the service issues at all. Plaintiffs lay blame generally on Hilliard, who served as their attorney for several months (April to July 2008) before withdrawing. (Doc. 53 at 2.) They say he provided a "lack of

3

adequate legal representation" and that the service issues can be "directly attributed to him." Id. Plaintiffs, however, filed their complaint pro se on February 27, 2008, and this Court provided them with clear instructions on how to effect service upon all parties. (Doc. 4.) Hilliard made an appearance in this case almost two months later, while some time was left in the 120-day period for service. (Doc. 15.) Under the general rule noted above, however, plaintiffs cannot use their attorney as a scapegoat for their own inadvertence. Moreover, plaintiffs' attempt to show cause by shifting blame onto an attorney is counterproductive, as courts are typically more lenient regarding errors by pro se parties than by represented parties, who have the benefit of trained counsel. See Blake v. Peak Prof'l Health Servs., 191 F.3d 455, at *2 (7th Cir. July 20, 1999) (unpublished table opinion) (determining that fact that pro se plaintiff had obtained counsel during the 120-day period weighed against finding good cause shown). Thus, Hilliard's presence, though temporary, is a factor weighing against plaintiffs. As plaintiffs were advised by the Court on how to properly effectuate service on their own, and as they have failed to

demonstrate with particularity that Hilliard affirmatively hindered their proper service (via something more than inadvertence), plaintiffs have failed to show good cause for their failure to properly serve the remaining parties.

Even when good cause has been found lacking, a district court still has the discretion to extend the time for service. Horenkamp, 402 F.3d at 1132. Courts primarily consider (among other factors) whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. Id. Here, there are no allegations that any of the three remaining parties have been evading service. Next, Long and Menges are not concealing defects in service, since no service has been had upon them, and the drug task force does not appear to have hidden any defects either. Finally, as the harm alleged appears to have occurred less than two years ago, it does not appear that the statute of limitations will preclude plaintiffs from refiling. Plaintiffs have identified no other factor warranting consideration, but the court notes that plaintiffs failed to properly serve any of the nine originally named defendants

despite receiving detailed instructions from the Court on how to do so. As a result, the Court sees no reason to exercise its discretion and grant an extension of time to serve the remaining defendants. The case, therefore, should be **DISMISSED** without prejudice as to all of the remaining defendants.

Additionally, the Court calls attention to the fact that out of the 48 pages that comprise their "motion," plaintiffs have dedicated only five lines to explaining the cause of their service defects, as directed. (Id.) The rest of the document is focused on restating plaintiffs' original claims, and it includes some 35 pages of evidentiary materials, most—if not all—of which have previously been filed with this Court. (Doc. 53.) The Court notes that the show cause order included a section entitled "Excessive Filing of Evidentiary Material," which chastised plaintiffs for "flood[ing] the Court with an endless supply of random evidentiary material" that was not connected to any particular motion before the Court. (Doc. 51 at 14.) The Court explicitly directed plaintiffs to refrain from submitting "any further evidentiary material that is not tethered to a properly filed motion." (Id. at 14-15.) As plaintiffs were ordered

by the Court to show good cause for particular shortcomings, the present "motion to continue action, discovery process, and set matter for trial" was not a "properly filed motion" requiring such evidentiary support. As a result, plaintiffs are in violation of a clear order by this Court.

For the foregoing reasons, all remaining defendants should be **DISMISSED** from this case. As a result, plaintiffs' motion to continue action, discovery process and set matters for trial should be **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this  12  day of November, 2008.

/s G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**